**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARMEN C. BOZA; LUIS R. BOZA, | No. 13-55663 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-06993-JAK-FMO |
| v. | |
| US BANK NA, as Trustee for Citigroup Mortgage Loan Trust Inc, Mortgage Pass-Through Certificates, Series 2006-AR6, | MEMORANDUM* |
| Defendant - Appellee. | |

| | |
|---|---|
| CARMEN C. BOZA; LUIS R. BOZA, | No. 13-57011 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-06993-JAK-FMO |
| v. | |
| US BANK NA, as Trustee for Citigroup Mortgage Loan Trust Inc, Mortgage Pass-Through Certificates, Series 2006-AR6, | |
| Defendant - Appellee. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted May 5, 2015
Pasadena, California

Before: LIPEZ,[**] WARDLAW, and MURGUIA, Circuit Judges.

In this consolidated appeal, Carmen C. Boza and Luis R. Boza appeal (1) the district court's dismissal of their action to quiet title against US Bank N.A., and (2) the district court's award of contractual attorneys' fees in favor of US Bank for prevailing in this lawsuit. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err by dismissing the Bozas' first amended complaint (FAC), which asserted a single cause of action to quiet title against US Bank. Because the FAC fails to allege that the Bozas paid or offered to pay their mortgage debt, the Bozas' claim to quiet title fails as a matter of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)); *Fontana Land Co. v. Laughlin*, 250 P. 669, 675 (Cal. 1926) ("[T]he mortgagor cannot quiet title without paying his debt").

---

[**] The Honorable Kermit V. Lipez, Senior Circuit Judge for the First Circuit, sitting by designation.

2. Nor did the district court err by rejecting the Bozas' argument that US Bank lacks authority to foreclose on their property. A complaint must state "a *specific factual basis* for alleging that the foreclosure was not initiated by the correct party." *Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 825 (Cal. Ct. App. 2011). It is insufficient that Citigroup Global Markets Realty Corporation recorded the assignment of the Bozas' deed of trust to US Bank, the trustee for the Citigroup Mortgage Loan Trust, after the cut-off date for conveying notes to the Trust under the Pooling and Servicing Agreement. A borrower challenging the validity of an assignment must do more than point to ambiguities in the public record related to when the assignment was recorded. *See Herrera v. Fed. Nat'l Mortg. Ass'n*, 141 Cal. Rptr. 3d 326, 334 (Cal. Ct. App. 2012) (holding that the complaint failed to state a specific factual basis because the "lender could have assigned the note to the beneficiary in an unrecorded document not disclosed to plaintiffs"); *Fontenot v. Wells Fargo Bank, N.A.*, 129 Cal. Rptr. 3d 467, 480 (Cal. Ct. App. 2011) (noting that "[t]he lender could readily have assigned the promissory note . . . in an unrecorded document that was not disclosed to plaintiff").

3. The district court correctly determined that the doctrine of collateral estoppel does not bar US Bank from asserting the power of sale under the Bozas' deed of trust. Because US Bank's authority to foreclose was never "litigated and

resolved in a valid court determination," collateral estoppel does not apply here. *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001).

4. The Bozas' contention that the district court violated United States District Court, Central District of California, General Order 08–05 by accepting the transfer of the instant case from Judge Fitzgerald before either party filed a notice of related cases lacks merit. The Bozas fail to cite any authority supporting their interpretation of the general order, and we therefore reject it. *See United States v. Mouzin*, 785 F.2d 682, 695 (9th Cir. 1986) (noting this court is "constrained to defer to the district court's reading [of the applicable general orders] to the extent that such a construction does not involve conflict with an order of this court, the Federal Rules of Civil Procedure, case or statutory law, or the Constitution of the United States").

5. Lastly, the district court did not abuse its discretion by awarding US Bank attorneys' fees pursuant to the fee provisions in the Bozas' note and deed of trust. As the district court determined, US Bank sufficiently "demonstrated, through authenticated documents establishing the chain of title for the Property, that [US Bank] is the successor to the rights set forth" in the Bozas's note and deed of trust. As a result, it was not an abuse of discretion for the district court to grant US Bank's motion for attorneys' fees. *See Wutzke v. Bill Reid Painting Serv., Inc.*, 198 Cal. Rptr. 418, 425 (Cal. Ct. App. 1984) ("Where, as here, attorney fees are

contractually provided for in the trust deed and promissory note, the beneficiary is entitled to recover attorney fees and costs incurred in order to enforce and protect his secured obligation.").

**AFFIRMED.**