Filed 10/17/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MELODY CHACKER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A. et al.,<br><br>    Defendants and Respondents. | B281874<br><br>(Los Angeles County<br>Super. Ct. No. BC547853)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING |

THE COURT:

It is ordered that the opinion filed on September 19, 2018, be modified as follows: On page 15, in the second sentence of the second full paragraph, the following new footnote number 6 is added immediately after the comma:

> *Hart v. Clear Recon Corp.* (2018) 27 Cal.App.5th 322 (*Hart*) analyzed a provision identical to section 9 and construed it essentially as we have; the *Hart* case did not analyze the import of a provision identical to section 14 in the trust deed here because it concluded the plaintiffs in that case were not "borrowers" and

>thus the provision could not be invoked by the successor to the lender.  (*Id.* at p. 327, fn. 4.)

The addition of new footnote 6 will require renumbering of all subsequent footnotes.

Appellant's petition for rehearing is denied.  There is no change in judgment.

_____
BAKER, Acting P. J.          MOOR, J.          KIM, J.

Filed 9/19/18 (unmodified opinion)

## CERTIFIED FOR PARTIAL PUBLICATION[*]

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| MELODY CHACKER,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>  Defendants and Respondents. | B281874<br><br>(Los Angeles County<br>Super. Ct. No. BC547853) |

APPEAL from an order of the Superior Court of Los Angeles County, Stephanie M. Bowick, Judge.  Affirmed in part, reversed in part, and remanded.

Law Office of Richard L. Antognini and Richard L. Antognini for Plaintiff and Appellant.

Parker Ibrahim & Berg, John M. Sorich, Bryant Delgadillo and Mariel Gerlt-Ferraro, for Defendants and Respondents.

[*]    Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of Parts II.A–II.B and Part II.D.

Plaintiff and appellant Melody Chacker (plaintiff) refinanced a loan on her home and then failed to make required loan payments, which triggered non-judicial foreclosure proceedings. Plaintiff sued to stop the foreclosure process and the trial court entered a judgment of dismissal after sustaining demurrers to plaintiff's suit—a judgment we affirmed. The trial court then ordered plaintiff to pay the attorney fees of defendants and respondents JPMorgan Chase Bank, N.A. (Chase) and California Reconveyance Company (CRC), finding certain provisions in the deed of trust she signed authorized a fees award. We consider whether CRC and Chase (collectively, the Chase Defendants) can invoke these attorney fees provisions despite having assigned the trust deed to another financial institution, whether the trial court properly ordered payment of fees rather than ordering the fees added to the loan balance due, and whether the Rosenthal Fair Debt Collections Practices Act (Rosenthal Act) separately authorizes a fee award.

## I. BACKGROUND
### A. *Non-Judicial Foreclosure and Plaintiff's Lawsuit*
Plaintiff refinanced her home in 2006 and executed a promissory note for approximately $1,700,000. Repayment of the loan was secured by a deed of trust on plaintiff's property. Washington Mutual Bank, FA was the initial lender, and CRC was the initial trustee. Plaintiff's promissory note was placed into a mortgage-backed security trust entitled "WaMu Mortgage Pass-Through Certificates Series 2006-AR9 Trust" (the Trust).

In 2008, the Federal Deposit Insurance Corporation seized the assets of Washington Mutual Bank and transferred them to Chase. Chase subsequently assigned its beneficial interest in the

2

deed of trust to Bank of America, successor by merger to La Salle Bank, as trustee for the Trust.

Plaintiff fell behind on payments due under the promissory note. In June 2010, as permitted by the trust deed she signed, CRC recorded a notice of default and election to sell her property. CRC recorded the first notice of trustee's sale in September 2010, and additional notices thereafter. So far as the record reveals, plaintiff's property has not yet been sold at a foreclosure auction.

Plaintiff sued the Chase Defendants (and others) to stop the foreclosure sale in June 2014.[1] She filed the operative third amended complaint in September 2015. The operative complaint asserted four causes of action: (1) a request for stay of non-judicial foreclosure and injunctive relief predicated on an asserted violation of Civil Code section 2923.5, (2) quiet title, (3) unlawful debt collection practices, and (4) declaratory and injunctive relief.

The Chase Defendants (and the others) demurred to the operative complaint. The trial court sustained the demurrers without leave to amend. Plaintiff appealed, and we affirmed the trial court's ruling. (*Chacker v. JPMorgan Chase Bank, N.A.* (Dec. 22, 2017, B272380) [nonpub. opn.] (*Chacker I*).)

### B. *The Pertinent Provisions of the Trust Deed and Promissory Note*

Plaintiff's promissory note identifies Washington Mutual Bank as the "Lender," and the note states the lender or anyone who takes the note by transfer and is entitled to payments under the note is the "Note Holder."

---

[1] Select Portfolio Servicing, Inc. and U.S. Bank as Trustee for the Trust were defendants in the underlying action but are not parties to this appeal.

3

Plaintiff's deed of trust similarly identifies Washington Mutual Bank as the "Lender," and it identifies CRC as the "Trustee." Plaintiff and her former husband are dubbed the "Borrower." The deed of trust contains two provisions pertinent to this appeal—section 9, which addresses "Protection of Lender's Interest in the Property and Rights Under this Security Instrument" and section 14, which addresses "Loan Charges."

In relevant part, section 9 provides: "If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, [or] (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations) . . . then Lender may do and pay for whatever is reasonable and appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . . Lender's actions can include, but are not limited to . . . appearing in court . . . and . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights in the Security Instrument . . . ." Section 9 of the trust deed further states: "Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment."

The other provision relevant to the question of attorney fees, section 14, states in pertinent part: "Lender may charge Borrower fees for services performed in connection with

4

Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorney fees . . . ."

### C. The Chase Defendants' Motion for Attorney Fees

The Chase Defendants moved for attorney fees pursuant to sections 9 and 14 of the deed of trust, as well as statutory provisions enacted as part of the Rosenthal Act. They argued an award of attorney fees was appropriate under these sections of the trust deed—even though the trust deed had been assigned to another financial institution—under Civil Code section 1717.[2] The Chase Defendants separately argued the Rosenthal Act also provided independent grounds for an attorney fee award because they qualified as prevailing creditors and plaintiff had not prosecuted her lawsuit in good faith. The Chase Defendants asked the trial court to award them $46,827.40, which they contended was a reasonable amount.

Plaintiff opposed the attorney fees motion.[3] She argued the Chase Defendants could not claim fees under either the deed of trust or the promissory note because the documents gave the "Lender" the right to attorney fees, neither of the Chase Defendants then qualified as the lender, and the Chase Defendants were not otherwise parties to the contracts. Plaintiff further argued that even if the Chase Defendants could seek

---

[2]     The statute provides that "[i]n any action on a contract" containing a provision authorizing a party to the contract to recover attorney fees incurred to enforce the contract, the prevailing party shall be entitled to reasonable attorney fees "whether he or she is the party specified in the contract or not."  (Civ. Code, § 1717, subd. (a).)

[3]     Plaintiff did not contest the amount of fees being sought as unreasonable. Rather, she argued the Chase Defendants were not entitled to an order compelling her to pay any amount of fees.

5

contractual attorney fees under the trust deed, the relevant deed provisions required such fees to be added to the balance of their loan rather than issued as a separate judgment.  Plaintiff also disputed the Rosenthal Act provided a separate basis to seek attorney fees, reasoning the Chase Defendants did not qualify as "creditors" under the act and the Rosenthal Act cause of action she included in the operative complaint was brought in good faith (because the law on Rosenthal Act liability was unsettled).

The trial court granted the motion for attorney fees and ordered plaintiff to pay the Chase Defendants the full amount sought, $46,827.40.  The trial court found Civil Code section 1717 was "broad enough to extend to the attorney fee provisions contained in those documents [i.e., the deed of trust and promissory note] to [the Chase] Defendants."  Because plaintiff sought to preclude all the defendants from enforcing the promissory note and the deed of trust's power of sale, the court reasoned that ordering plaintiff to pay the Chase Defendant's attorney fees was "appropriate."

The trial court disagreed with plaintiff's contention that any award of attorney fees must be added to the balance of her loan.  The court's ruling on this point was brief, stating only that "Plaintiff cites to no case authority for that proposition" and "the Court does not agree that Section 9 of the Deed of Trust applies in that respect."  The trial court did not discuss the Chase Defendants' request for fees pursuant to the Rosenthal Act.

**[Parts II.A through II.B, below, are deleted from publication.  See *post* at page 13 for where publication is to resume.]**

6

## II.  DISCUSSION

Plaintiff challenges two aspects of the trial court's fees order: (1) the finding that the Chase Defendants are entitled to contractual attorney fees under sections 9 and 14 of the trust deed even though they are neither the "lender" nor signatories to the agreements; and (2) the issuance of an order to pay attorney fees rather than an order adding any fees awarded to the balance due on the promissory note.  Plaintiff also disputes fees can be awarded on the Rosenthal Act rationale the trial court did not reach.

We disagree with plaintiff's first contention but agree with the second.  Though the Chase Defendants were not signatories to the loan documents, they stood in the shoes of a signatory and plaintiff sued them as though they were parties to the deed of trust.  The mutuality of remedy provided by Civil Code section 1717 thus entitles the Chase Defendants to seek attorney fees under the trust deed.  On the other hand, plaintiff is correct that the attorney fee provisions do not authorize a separate award of fees but rather allow the Chase Defendants to add their fees to the underlying debt.  Because we conclude the Rosenthal Act provides no proper independent basis for awarding attorney fees, we will reverse the trial court's order for payment of fees and remand to permit the court to refashion the order to require the fee amount sought by the Chase Defendants to be added to the loan balance.

### A.     *Legal Background: Contractual Attorney Fee Awards*
"Under the American rule, each party to a lawsuit ordinarily pays its own attorney fees.  [Citation.]  Code of Civil Procedure section 1021, which codifies this rule, provides:

'Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . .' In other words, section 1021 permits parties to "'contract out" of the American rule' by executing an agreement that allocates attorney fees. [Citations.] Thus, "'[p]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract.'" [Citations.]" (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751 (*Mountain Air*).) Parties may also contractually "limit the recovery of fees only to claims arising from certain transactions or events, or award them only on certain types of claims." (*Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 818 ["In the absence of a statute authorizing the recovery of attorney fees, the parties may agree on whether and how to allocate attorney fees"] (*Brown Bark*).)

Civil Code section 1717 authorizes courts to enforce contractual attorney fee clauses, and to enforce them in a particular manner. Civil Code section 1717, subdivision (a) provides in pertinent part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

In other words, when a contract provides for an award of attorney fees to one party but not the other, Civil Code section

8

1717 makes the right reciprocal. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 610-611 ["[Civil Code s]ection 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy, . . .'when the contract provides the right to one party but not to the other'"].) "In this situation, the effect of [Civil Code] section 1717 is to allow recovery of attorney fees by whichever contracting party prevails, 'whether he or she is the party specified in the contract or not.'" (*Id*. at p. 611.) Significantly for our purposes, Civil Code Section 1717 is also "interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 128; see also *Cargill, Inc. v. Souza* (2011) 201 Cal.App.4th 962, 966 [nonsignatory may recover attorney fees under contract where the nonsignatory "'stands in the shoes of a party to the contract'"] (*Cargill*).)

A trial court's determination of "'the propriety or amount of statutory attorney fees to be awarded'" is reviewed under an abuse of discretion standard, "'but a determination of the legal basis for an attorney fee award is a question of law to be reviewed de novo.' [Citations.]" (*Mountain Air*, *supra*, 3 Cal.5th at p. 751.) The de novo standard applies to the legal issues plaintiff raises in this appeal.

### B. *The Chase Defendants May Invoke the Fee Provisions in the Contracts*

Both attorney fees provisions in the trust deed that the Chase Defendants invoked state the "Lender" is owed attorney

fees in certain circumstances. The "Lender" identified in the deed of trust was Washington Mutual Bank, not Chase or CRC. While it is therefore true the Chase Defendants were not themselves signatories to the promissory note or deed of trust, CRC was named the trustee in the deed of trust and remained the trustee until 2014. Additionally, the record reflects Washington Mutual Bank was seized by the Federal Deposit Insurance Corporation and certain assets and liabilities, including all mortgage servicing rights and obligations, were sold to Chase in 2008. Chase remained the servicer of plaintiff's loan until 2013.

Under the circumstances, the Chase Defendants were entitled to fees under Civil Code section 1717 even though neither was the original lender. The Chase Defendants, as the loan servicer and trustee of the deed of trust during a portion of the relevant time period, were agents of the lender who had authority to enforce the lender's rights under the deed of trust and note. Plaintiff sued the Chase Defendants for taking actions authorized by the deed of trust during their tenure as loan servicer and trustee, and plaintiff's suit effectively treated the Chase Defendants as if they were parties to the loan contracts and sought to have the loan declared invalid. The Chase Defendants thus stood in the shoes of a party to the contract and could recover attorney fees as provided by the contract even though they were not parties themselves. (See, e.g., *Ng v. US Bank, NA* (N.D.Cal. Nov. 30, 2016, No. 15-cv-04998-KAW) 2016 U.S.Dist.LEXIS 166054, at *16-17 [successor in interest to note holder and loan servicer could recover attorney fees under Civil Code section 1717 because they were sued as if they were parties to contract and they stood in shoes of party]; see generally *Cargill, supra*, 201 Cal.App.4th at p. 966 [although fees are

10

generally awarded only when a suit is between the signatories to a contract, an exception applies where a non-signatory party stands in the shoes of a party to the contract].)  Although the attorney fee provisions are unilateral in favor of the lender only, the "mutuality of remedy" provided by Civil Code section 1717 means the right created by this provision was available to plaintiff and any non-signatories, like the Chase Defendants, who ultimately prevailed in an action on the contract.[4]  (See *Brown Bark*, *supra*, 219 Cal.App.4th at pp. 818-819.)

The cases plaintiff cites do not compel a contrary result.  It is true, as a general matter, that the terms of an attorney fee provision may be so narrow that they only apply to the signatories of the contract (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 896 [fee provision allowing fees in "'any litigation *between the parties hereto*'"]), but the attorney fee clause here is not so narrow.  Similarly, though plaintiff cites cases holding courts must analyze the attorney fee provisions in a contract before determining fees may be awarded, these same cases acknowledge non-signatories can be eligible for fees based on contractual clauses in certain circumstances.  (See, e.g., *Brown Bark, supra*, 219 Cal.App.4th at p. 819; *Super 7 Motel Associates v. Wang* (1993) 16 Cal.App.4th 541, 544-545.)

*Topanga and Victory Partners v. Toghia* (2002) 103 Cal.App.4th 775 (*Topanga*), upon which plaintiff chiefly (and

---

[4]     Plaintiff also argues the attorney fee provisions in the deed of trust must be construed strictly to cover only the specified "lender," Washington Mutual Bank, because the deed of trust was a contract of adhesion.  The record provides no adequate basis to believe the loan documents were contracts of adhesion.  Even if they were, plaintiff offers no persuasive argument for why Civil Code section 1717 would apply differently to contracts of adhesion.

incorrectly)[5] relies, is also inapposite.  The holding of that case, which has no bearing on the question at hand, is best described by the *Topanga* court itself:  "The issue presented by this appeal is whether a defendant who is not a party to a contract but is sued for breach of that contract and various related tort and statutory causes of action may recover attorney fees incurred in defending the noncontract causes of action if the plaintiff files a voluntary dismissal with prejudice.  We hold that he cannot." (*Id.* at p. 778.)  Plaintiff does not dispute her lawsuit qualifies as an "action on a contract" for purposes of Civil Code section 1717 (nor does she contest the trial court's calculation of reasonable attorney fees).  *Topanga*'s holding that a non-party may not recover attorney fees on non-contract causes of action is thus no help to plaintiff.

**[Part II.C, below, is to be published.]**

C. *The Deed of Trust Authorizes the Addition of Attorney Fees to the Loan Amount, Not a Separate Award to Pay Fees*

The Chase Defendants sought attorney fees under sections 9 and 14 of the deed of trust.  While each section provides the lender may seek reimbursement for attorney fees paid in certain circumstances, neither authorizes a court to enter an attorney fee award order that obligates the borrower to pay fees independent

---

[5] Plaintiff's reply brief represents the following quote can be found at page 786 of the *Topanga* opinion:  "'Entities that are not parties to a contract, or who are not intended third party beneficiaries, have no power to enforce attorney fees clauses in the contract.'"  Plaintiff is mistaken—no such language appears on that page, or any page, of the *Topanga* court's opinion.

of the borrower's repayment obligation under the deed of trust and associated promissory note.

Section 9 of the deed of trust provides the "Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights under the Security Instrument . . . ." Section 9 further specifies, however, that any amounts disbursed by Lender for this purpose "shall become additional debt of Borrower secured by this Security Instrument" and that the "amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment." The plain text of these two clauses authorizes attorney fees to be added to the loan amount; section 9 does not provide for a separate award of attorney fees.

In a paragraph headed "Loan Charges," section 14 of the deed of trust states "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorney fees . . . ." Here again, the plain language of this provision does not provide for a separate award of attorney fees. Rather, it entitles the lender to charge the borrower fees, and the usage of the word "charge," particularly in combination with the "Loan Charges" heading and the other clauses in section 14, is naturally read to permit the lender to add any attorney fees it may have incurred to the outstanding amount due under the promissory note. There is no language in section 14 that

13

indicates the trust deed permits a freestanding contractual attorney fees award.

Seeking to avoid the conclusion that flows from the text of these two sections in the deed of trust, the Chase Defendants argue (1) "no authority" requires adding attorney fees to the balance of the loan, rather than entering a separate order directing payment of fees, and (2) because they are no longer the active servicer or trustee under the trust deed, their attorney fees were not "amounts disbursed by [the] Lender," as specified in section 9. Neither of these arguments is persuasive, and indeed, the latter is contrary to the Chase Defendants' litigation position in seeking fees.

Where not authorized by statute, entitlement to attorney fees derives from the contractual terms chosen. Just as parties may limit or expand the circumstances under which attorney fees are awardable (*Brown Bark*, *supra*, 219 Cal.App.4th at p. 818), they may also limit or expand how those attorney fees may be obtained. Here, the parties to the deed of trust agreed attorney fees incurred as described under section 9 would become additional debt secured by the deed of trust. They also agreed the lender could "charge" the borrower fees for services performed in connection with the borrower's default, including attorney fees, under section 14. As we have explained, the trust deed is properly read (only) to permit attorney fees to be added to the borrower's promissory note obligation, and the terms of the trust deed itself are all the "authority" that is necessary under the circumstances.

But there is additional persuasive authority. Although no published California case has analyzed the import of the trust deed attorney fee provisions at issue here, multiple federal

14

district courts have held trust deed provisions similar or identical to those here do not authorize a separate fee award and instead only allow the fees to be added to the outstanding balance due under the promissory note.  (E.g., *Eisenberg v. Citibank, N.A.* (C.D.Cal. Oct. 11, 2017, No. 2:13-cv-01814-CAS(JPRx)) 2017 U.S.Dist.LEXIS 169182, at *11 [concluding an apparently identical section 9 in a trust deed "authorize[d] attorneys' fees to be added to the borrower's outstanding debt" and an identical section 14 permitted the lender to add attorney fees incurred to the outstanding amount owed, not to render the borrower personally liable for the amounts]; *Dufour v. Allen* (C.D.Cal. Apr. 20, 2017, No. 14-cv-05616-CAS(SSx)) 2017 U.S.Dist.LEXIS 61229, at *15 [plain terms of identical section 9 of trust deed did not entitle party to obtain attorney fees through a motion for attorney fees]; *Barba v. Flagstar Bank FSB* (C.D.Cal. Sept. 19, 2011, No. CV 10-8023-VBF (VBKx)) 2011 U.S.Dist.LEXIS 163110, at *4 [denying motion for attorney fees where the "language provides for attorney fees, [but] it specifically provides for them to accrue as part of the debt instrument itself"]; see also *Valencia v. Carrington Mortg. Servs., LLC* (D.Hawaii June 25, 2013, No. CIVIL 10-00558 LEK-RLP) 2013 U.S.Dist.LEXIS 88886, at *27 [deed of trust did not provide an independent basis for an award of attorney fees where it stated amounts disbursed in protecting rights under the mortgage "'shall become additional debt of Borrower secured by this Security Instrument'"].)

Insofar as the Chase Defendants would contend even these cases are still insufficient authority, we have one further rejoinder: every legal proposition has at one time or another been without authority; novel questions often arise in the law.  Going

15

forward, this opinion will serve as the authority the Chase Defendants believe is lacking.

As for the Chase Defendants' argument that adding the attorney fees amount to the loan balance would be unjustified because they are no longer the active servicers or trustees of the deed of trust, Justice Scalia's observation in another context is apt: the Chase Defendants "must take the bitter with the sweet." (*Bailey v. United States* (2013) 568 U.S. 186, 206 (conc. opn. of Scalia, J.).) The Chase Defendants' argument for why they are entitled to seek attorney fees in the first place—despite being non-parties to the contract that serves as the foundation for their fee request—depends on their assertion that they acted as the lender's agents and stood in the lender's shoes.[6] They cannot repudiate that position merely because the upshot, required by the terms of the contract on which they rely, is that the fees they seek to recoup are added to the balance of a loan agreement that has since been assigned to another financial institution.[7]

**[Part II.D, below, is deleted from publication.  See *post* at page 19 for where publication is to resume.]**

---

[6]      At oral argument, counsel for the Chase Defendants appeared to disavow seeking fees on the ground that the Chase Defendants stood in the lender's shoes. However, that is precisely what the Chase Defendants argued in their motion for attorney fees filed in the trial court and their respondents' brief in this court. The motion for attorney fees, for example, asserted the Chase Defendants qualified for fees because they were "nonsignator[ies] stand[ing] in the shoes of a party to the contract" and "third party beneficiaries of the contract."

[7]      Although the result we reach is compelled by the terms of the trust deed and persuasive case law, a party in the Chase Defendants' position, when negotiating with a prospective assignee of a trust deed, can adjust the consideration given for the assignment or other terms of the assignment deal to account for how attorney fees may be recovered when a borrower defaults.

### D. The Rosenthal Act Provides No Independent Basis for Ordering Plaintiff to Pay Attorney Fees

Plaintiff's operative complaint alleged, in its third cause of action, that Chase engaged in unlawful debt collection practices in violation of the Rosenthal Act and an analogous federal statute. We affirmed the trial court's ruling sustaining Chase's demurrer to this cause of action, following California authority and other cases that hold giving notice of a foreclosure sale does not constitute debt collection activity under the Rosenthal Act. (*Chacker I, supra*, B272380.)

The Rosenthal Act includes a provision authorizing a court to award reasonable attorney fees to a "prevailing creditor upon a finding by the court that the debtor's prosecution or defense of the action was not in good faith." (Civ. Code, § 1788.30, subd. (c).) Chase invokes this provision as an independent ground justifying an attorney fee award payable by plaintiff, but the Rosenthal Act's requirements for an award of attorney fees are not satisfied here.

Putting aside the issue of whether Chase is a "creditor" under the statute, plaintiff's prosecution of her Rosenthal Act cause of action was undertaken in good faith. We, of course, disagreed that liability could be had under the statute, but plaintiff responsibly advanced a colorable argument to the contrary. (See, e.g., *Dowers v. Nationstar Mortg., LLC* (9th Cir. 2017) 852 F.3d 964, 970; but see *Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1264; *Sipe v. Countrywide Bank* (E.D.Cal. 2010) 690 F.Supp.2d 1141, 1151.) The Rosenthal Act does not authorize an award of attorney fees to a prevailing defendant under these circumstances.

17

**[The remainder of the opinion is to be published.]**

DISPOSITION

The order compelling plaintiff to pay $46,827.40 in attorney fees to the Chase Defendants is reversed, and the matter is remanded for the entry of a new order authorizing this amount to be added to the outstanding balance plaintiff owes as the result of her default on the promissory note.  The parties shall bear their own costs on appeal.

**CERTIFIED FOR PARTIAL PUBLICATION**

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.

18