Filed 10/26/20  Bidasha v. Novastar CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JAN BIDASHA, | B290634 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC558394) |
| v. | |
| NOVASTAR LLC et al., | |
| Defendant and Respondent | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephanie M. Bowick, Judge.  Reversed.

Neil C. Evans for Plaintiff and Appellant.

Krane & Smith, Marc Smith and Georgia Skoumbis for Defendant and Respondent.

————————————

After defaulting on a loan secured on her residence, Jan Bidasha sued the lender, Novastar LLC, for rescission or cancellation of the subject deed of trust.  Novastar successfully defended the action, and then moved for attorney fees based on provision in the deed of trust dealing with attorney's fees.  The trial court awarded Novastar $60,337.83 in fees.  Bidasha appeals the fee order, and argues the court erred in finding the deed of trust authorized an award of attorney fees as part of the judgment.  We agree and reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Bidasha obtained a loan from Novastar secured by a deed of trust on her residence.  After she defaulted on her loan payments, Bidasha sued Novastar and other defendants alleging predatory loan practices and related wrongdoing.  As against Novastar, she asserted causes of action for fraud, constructive fraud, rescission and cancellation of the deed of trust, violation of Business and Professions Code section 17200, and negligence.  Novastar moved for judgment on the pleadings, which the trial court granted.

Novastar then moved for attorney fees under paragraph 7 of the deed of trust.  The deed of trust identifies Novastar as the "Lender" and Bidasha as "Borrower."  Paragraph 7  provides,

> "If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, the Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. . . .  Any amounts disbursed by Lender pursuant

2

to this paragraph . . . shall become additional indebtedness of Borrower secured by this Deed of trust."

Novastar argued that paragraph 7 "specifically authorizes Novastar to recover its attorney's fees," and asked the trial court to award reasonable fees of $95,337.83. The trial court granted the motion, concluding that under paragraph 7 Novastar was entitled to recover its fees defending the cause of action for rescission or cancellation of the deed of trust which "materially affected" Novastar's interest in the property.[1] The court reduced the fees to $60,337.83 "in consideration of [Bidasha's] argument as to Novastar's actual defense of issues materially affecting its 'interest in the property.' " Bidasha timely appealed.

## DISCUSSION

"On appeal, a determination of the legal basis for an attorney fees award is reviewed de novo as a question of law. [Citation.] [¶] Each party to a lawsuit must pay his or her own attorney fees except where a statute or contract provides otherwise. [Citation.]" (*Cargill, Inc. v. Souza* (2011) 201 Cal.App.4th 962, 966.)

Novastar contends that paragraph 7 of the deed of trust entitled it to recover its fees in a judicial proceeding in which Novastar defends its interest in the property. Its Respondent's Brief, however, selectively quotes the deed of trust when it cites only this passage: "If any action or proceeding is commenced which materially affects Lender's interest in the Property, the Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable

---

[1] Novastar also moved for attorney's fees under Civil Code section 1717 (reciprocal contractual attorney's fees). The trial court rejected this argument. We do not address it.

3

attorneys' fees, and take such action as is necessary to protect Lender's interest."[2]

Missing completely from Novastar's recitation of paragraph 7 is the language that follows: "Any amounts disbursed by Lender pursuant to this paragraph . . . *shall become additional indebtedness of Borrower secured by this Deed of Trust.*" (Italics added.) When read fairly and completely, paragraph 7 of the deed of trust does not authorize a separate award of attorney fees as part of a judgment in court proceedings, but instead authorizes Novastar to add the fees to the borrower's secured debt. It is quite silent on an award of fees to a prevailing party in a lawsuit.

The single appellate case that Novastar cites for the notion that paragraph 7 authorizes an attorney fees award as part of judicial proceedings is *Santa Clara Sav. & Loan Ass'n v. Pereira* (1985) 164 Cal.App.3d 1089 (*Santa Clara*) where the court concluded a lender was entitled to recover attorney fees in a dispute concerning a deed of trust. The deed of trust at issue contained identical language to paragraph 7.[3] (*Id.* at p. 1097.)

---

[2] In point of fact, Novastar repeats its severely truncated version of paragraph 7 twice, once on page 8 and again on page 12 of its Respondent's Brief.

[3] In *Santa Clara*, paragraph 7 of the deed of trust provided, "If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, . . . then Lender . . . may make such appearances, disburse such sums and take such action as is necessary to protect Lender's interest, including, but not limited to, disbursement of reasonable attorney's fees. . . . Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, shall become additional indebtedness of Borrower

The *Santa Clara* court held that the action "certainly affected lender's interest in the property, and the disbursement of attorney's fees was necessary to protect that interest. Therefore, lender was entitled to attorney's fees under this aspect of paragraph 7 . . . ." (*Id.* at p. 1098.) What is missing from the opinion is a consideration of whether the attorney fees were to be added to the judgment or only the debt. The court, and perhaps the parties, focused only on whether the proceeding "materially affects Lender's interest in the Property," not the available remedy. The opinion, thus, does not resolve the issue as we have framed it. Subsequent case law has.[4]

In both *Hart v. Clear Recon Corp.* (2018) 27 Cal.App.5th 322 (*Hart*) and *Chacker v. JPMorgan Chase Bank, N.A.* (2018) 27 Cal.App.5th 351 (*Chacker*), the Court of Appeal addressed whether the inclusion of an award of fees in a judgment was authorized by a deed of trust provision stating that attorney fees become additional debt of the borrower. The *Hart* and *Chacker* courts both answered the question in the negative and reversed the trial courts' award of fees.

In *Hart,* the deed of trust provided, "Lender may . . . pay[ ] reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument. . . . Any amounts

---

secured by this Deed of Trust." (*Santa Clara, supra,* 164 Cal.App.3d at p. 1097.)

[4] To the extent Santa Clara could be read as resolving the issue before us, we respectfully choose not to follow that opinion. (See *Gonzalez v. Lew* (2018) 20 Cal.App.5th 155, 166, fn. 7 ["[t]here is no horizontal stare decisis in the California Court of Appeal"].)

disbursed by Lender under this Section [ ] shall become additional debt of Borrower secured by this Security Instrument." (*Hart*, *supra*, 27 Cal.App.5th at p. 325.)  The appellate court read the provision as providing "that attorney's fees, like any other expenses the lender may incur to protect its interest, will be added to the secured debt."  (*Id.* at p. 327.)

In *Chacker*, the deed of trust provided, " 'Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights under the Security Instrument . . . .'  Section 9 [of the deed of trust] further specifies . . . that any amounts disbursed by lender for this purpose 'shall become additional debt of Borrower secured by this Security Instrument' and that the 'amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.' "  (*Chacker*, *supra*, 27 Cal.App.5th at pp. 356–357.)  As in *Hart,* the *Chacker* court concluded that the deed of trust did not provide for a separate award of attorney's fees as part of a judgment, and that attorney fees could only be added to the loan amount.  (*Id.* at p. 357.)

Novastar cited neither *Hart* or *Chacker* in its Respondent's Brief; nor did Bidasha in her brief.[5]

Both *Hart* and *Chacker* cited to federal district courts that had reached the same conclusion and noted there was no authority to the contrary.  (See *Hart*, *supra*, 27 Cal.App.5th at pp. 327–328 citing *Valencia v. Carrington Mortg. Services, LLC*

---

[5]   By letter dated September 25, 2020, we asked the parties to discuss *Hart* and Chacker at oral argument.

6

(D.Hawaii, June 25, 2013, No. CIVIL-10-00558 LEK-RLP) 2013 L U.S.Dist. LEXIS 88886, at *2 ["the mortgage does not entitle the Bank Defendants to recover attorneys' fees as an award pursuant to the instant litigation. Rather, as provided in the mortgage, the Bank Defendants may convert the amounts spent on attorneys' fees into additional debt secured by the mortgage."]; see *Chacker*, *supra*, 27 Cal.App.5th at p. 358 citing *Eisenberg v. Citibank, N.A.* (C.D.Cal. Oct. 11, 2017, No. 2:13-cv-01814-CAS(JPRx) ) 2017 U.S.Dist. LEXIS 169182, p. *11 [concluding an apparently identical section 9 in a deed of trust "authorize[d] attorneys' fees to be added to the borrower's outstanding debt"].)

We reach the same result as in *Hart* and *Chacker*. The deed of trust here does not contain a variation on the theme of "the prevailing party is entitled to its attorneys' fees as part of the judgment." To the contrary, the deed of trust provides no more than if the lender has incurred reasonable attorney fees under paragraph 7, those fees become additional debt secured by the deed of trust. The trial court erred in granting Novastar's motion for fees.

### DISPOSITION

The order is reversed. Bidasha shall recover her costs on appeal.


RUBIN, P. J.

WE CONCUR:



BAKER, J.                                    KIM, J.


7