Filed 5/6/22  Gutierrez v. SN Servicing Corporation CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| URIEL GUTIERREZ et al.<br><br>      Plaintiffs and Appellants,<br><br>v.<br><br>SN SERVICING CORPORATION et al.,<br><br>      Defendants and Respondents. | A162401<br><br>(Alameda County Super. Ct. No. RG20063610) |

Appellants Uriel and Hortencia Gutierrez sued their lender Fremont Bank, as well as respondents SN Servicing Corporation (SN Servicing) and Zieve, Brodnax & Steele, LLC (ZBS), alleging Fremont Bank had refused to reconvey the deed of trust after appellants paid off their revolving line of credit.  The trial court sustained respondents' demurrer without leave to amend and dismissed the operative complaint as to respondents.  Appellants now argue (1) the trial court erred because they pled sufficient facts to support their breach of contract and quiet title claims against respondents; or (2) in the alternative, the trial court abused its discretion in denying leave to amend.  We affirm.

1

## BACKGROUND

In 2000, appellants purchased a property in Newark, California. In 2005, they obtained a revolving line of credit from Fremont Bank in the amount of $89,000 secured by a deed of trust. SN Servicing is the current servicer and ZBS is the current trustee of this deed of trust.

In 2006, appellants signed a modification agreement to increase their credit limit to $110,000. At the same time, Fremont Bank recorded another deed of trust for $89,000. According to appellants, this second lien was used to "payoff" the first lien, but the first lien was not closed and continued to accrue fees. When appellants contacted Fremont Bank to ascertain why the first lien was not closed, Fremont Bank refused to reconvey the lien. Appellants allege that the bank now "seeks to foreclose" on this "extinguished" first lien.

In June 2020, appellants filed suit against Fremont Bank.[1] In July 2020, appellants filed a first amended complaint adding SN Servicing and ZBS as defendants. The trial court ordered appellants to amend again because they had included a quiet title claim but failed to verify the complaint. (Code Civ. Proc., § 761.020.) In December 2020, appellants filed their second amended complaint. It asserts claims for (1) breach of contract (against Fremont Bank and SN Servicing); (2) violation of Civil Code section 2941 (against Fremont Bank only); and (3) quiet title (against all).

SN Servicing and ZBS filed a demurrer to the second amended complaint. The trial court issued a tentative ruling that was contested, and a hearing was held on the motion. After the hearing, the trial court sustained

---

[1] Fremont Bank is not a party to this appeal.

the demurrer without leave to amend.[2]  It concluded that appellants had not pled facts to support each required element of their breach of contract and quiet title claims against respondents.  As for the quiet title claim, it also concluded that appellants had not alleged the deed of trust was extinguished by their payments to Fremont Bank.  The trial court dismissed the second amended complaint as to SN Servicing and ZBS.

Fremont Bank also filed its own demurrer to the second amended complaint.  The trial court sustained this demurrer but granted leave to amend, explaining that the merits of Fremont Bank's challenges to the sufficiency of the claims had not been previously addressed and "[i]t is an abuse of discretion to deny plaintiff at least one opportunity to amend where a reasonable possibility exists that plaintiff can state a valid claim."  In April 2021, appellants filed a third amended complaint.[3]  The third amended complaint still asserts the same three causes of action against Fremont Bank, but adds NS181, LLC (NS181) as a defendant to the quiet title claim.

## DISCUSSION

Appellants challenge the trial court's order sustaining the demurrer without leave to amend as to their breach of contract claim (asserted against SN Servicing) and their quiet title claim (asserted against both SN Servicing and ZBS).  The governing standard of review is "long-settled."  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).)  "When a demurrer is sustained, we determine [de novo] whether the complaint states facts sufficient to

---

[2] While the record includes both an opposition to the demurrer filed by appellants, as well as a reply filed by SN Servicing and ZBS, the trial court's order states that the demurrer was "unopposed."

[3] We take judicial notice of the third amended complaint on our own motion.  (Evid. Code, § 452, subd. (d); *American Contractors Indemnity Co. v. County of Orange* (2005) 130 Cal.App.4th 579, 581, fn. 1.)

constitute a cause of action." (*Ibid*.) " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.' " (*Ibid*.) We "give the complaint a reasonable interpretation, reading it as a whole and its parts in their context" and also " 'consider matters which may be judicially noticed.' " (*Ibid*.)

When a demurrer is sustained without leave to amend, we decide whether "there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank*, *supra*, 39 Cal.3d at p. 318.) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Ibid*.)

## I. Breach of Contract Claim Against SN Servicing

To establish a cause of action for breach of contract, the plaintiff must plead and prove (1) the existence of the contract; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's breach; and (4) resulting damages to the plaintiff. (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.) Here, appellants argue that they set forth sufficient facts on this claim against SN Servicing to survive demurrer. We are not persuaded.

Appellants' breach of contract claim is premised on the 2005 deed of trust made with their *lender* Fremont Bank. The alleged breach is based on paragraph 20 of the deed of trust, that "[u]pon payment of all sums secured by this Deed of Trust, *Lender* shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled thereto with a fee that may be required . . . ." (Italics added.) There is nothing in the operative

4

complaint alleging the existence of any contract with SN Servicing or any breach of such contract. Appellants have failed to plead sufficient facts to constitute a cause of action for breach of contract against SN Servicing. (*Fleet v. Bank of America N.A.* (2014) 229 Cal.App.4th 1403, 1410, fn. 8 [demurrer on breach of contract claim as to defendants other than lender properly sustained without leave to amend where borrowers alleged facts showing an agreement only with lender itself].)

Nor are we persuaded by appellants' argument that the trial court abused its discretion in denying leave to amend to allege SN Servicing had a "role" in the deed of trust. Appellants first cite the definition of "mortgage servicer" in Civil Code section 2920.5 to suggest that SN Servicing was an agent of Fremont Bank. This definition, however, is explicitly limited to the "purposes of this article" and says only that a servicer may be an entity who "directly services a loan," or "who is responsible for interacting with the borrower, managing the loan account on a daily basis including collecting and crediting periodic loan payments, managing any escrow account, or enforcing the note and security instrument . . . ." (Civ. Code, § 2920.5, subd. (a).) Appellants offer no argument or authority that supports application of this statutory definition here, let alone how it would lead to SN Servicing's liability for the alleged breach of the reconveyance provision in the deed of trust.

Appellants also cite *Chacker v. JPMorgan Chase Bank, N.A.* (2018) 27 Cal.App.5th 351 for their proposition that servicers like SN Servicing "stand in the same shoes as a lender or signatory to the Deed of Trust." In *Chacker*, the plaintiff borrower sued defendants to stop a foreclosure after her loan had been transferred from the initial lender to defendant Chase. (*Id.* at p. 353.) *Chacker* concluded that, after the trial court dismissed the action,

Chase could seek attorney fees based on a contractual provision in the deed of trust because it stood in the shoes of the initial lender. (*Id.* at p. 356.) Here, unlike *Chacker*, there was no such transfer of the lien. Appellants have failed their burden to show any reasonable possibility that the defect on this contractual claim can be cured by amendment. (*Blank, supra*, 39 Cal.3d at p. 318.)

In sum, we conclude that the trial court did not err in sustaining the demurrer on the breach of contract cause of action as to SN Servicing and did not abuse its discretion in denying leave to amend.

## II.  Quiet Title Claim Against SN Servicing and ZBS

Code of Civil Procedure section 761.020 provides that a complaint for quiet title must be verified and include (a) a description of the property that is the subject of the action; (b) the title of the plaintiff as to which a determination is sought and the basis of the title; (c) the adverse claims to the title of the plaintiff against which a determination is sought; (d) the date as of which the determination is sought; and (e) a prayer for the determination of the title of the plaintiff against the adverse claims.

Appellants again argue that they have set forth sufficient facts for this cause of action. We disagree. The second amended complaint seeks a determination that appellants "hold title to the Property, free from the claims of Defendant FREMONT, who claims to have an interest in the Property by virtue of a Deed of Trust." Nowhere does it allege that either SN Servicing or ZBS has asserted any adverse claims to the title of the property. Appellants have failed to plead sufficient facts to constitute a cause of action for quiet title against SN Servicing and ZBS.[4] (See *Monreal v. GMAC Mortg., LLC*

---

[4] Given our conclusion, we need not address the parties' arguments regarding whether the quiet title claim also fails under the "tender" rule:

(2013) 948 F.Supp.2d 1069, 1079 [dismissing with prejudice quiet title claim against loan servicer and trustee as any such claim should have been directed at beneficiary].)

As for the trial court's denial of leave to amend, appellants do not contend that they could have alleged any adverse title claims by SN Servicing or ZBS. Instead, they argue that the defect could have been cured by adding NS181 as a party. According to respondents, NS181 became the beneficiary of the deed of trust pursuant to an assignment recorded in 2018. We do not see how the addition of NS181 requires a reversal of the trial court's demurrer as to SN Servicing or ZBS. This is particularly true given appellants have already added NS181 as a defendant on the quiet title claim asserted in their third amended complaint.

In sum, the trial court did not err in sustaining the demurrer on the quiet title cause of action as to SN Servicing and ZBS and did not abuse its discretion in denying leave to amend.

## DISPOSITION

The March 4, 2021 order sustaining the demurrer and dismissing the second amended complaint as to SN Servicing and ZBS is affirmed.

---

that a mortgagor must allege tender of all amounts due under the deed of trust to maintain a cause of action to quiet title. (*Shimpones v. Stickney* (1934) 219 Cal. 637, 649.)

_____
Mayfield, J.*


We concur:


_____
Stewart, Acting P.J.


_____
Miller, J.


*Gutierrez et al. v. SN Servicing Corporation et al.* (A162401)


\*Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


8