Filed 9/18/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| SARA HART et al., | B283221 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. PC056103) |
| v. | |
| CLEAR RECON CORP. et al., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Stephen P. Pfahler, Judge. Reversed.

Guy Hart, in propria persona, for Plaintiff and Appellant.

Sara Hart, in propria persona, for Plaintiff and Appellant.

Hall Huguenin, Howard D. Hall and Amanda V. Anderson for Defendant and Respondent.

_____

Following summary judgment against plaintiffs Sara and Guy Hart in this wrongful foreclosure action, defendant Nationstar Mortgage LLC obtained its attorney's fees as prevailing party, based on a clause in the deed of trust. On appeal from the fee award, the Harts contend the clause in question is not an attorney's fees provision. We agree and reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

1.   *Summary of Litigation*[1]

Sara Hart is the mother of adult son Guy.[2] They assert an interest in a house whose title is in the name of Sara's other son, Don Hart. While the intra-family dispute regarding title raged on, nobody was paying the mortgage on the property, which had been taken out exclusively by Don. Nationstar, the successor to the lender, commenced foreclosure proceedings. Sara and Guy brought suit against Nationstar, alleging causes of action for:
(1)  a preliminary injunction halting the foreclosure sale; and
(2)  declaratory relief regarding Nationstar's authority to conduct a foreclosure while the title dispute was pending. In their prayer for relief, they sought attorney's fees.

Nationstar obtained summary judgment on the basis that, as Sara and Guy are not borrowers, they had no rights under the deed of trust. Even if they had (or ultimately obtained) a title interest in the property, they would have no right to reinstate the loan and therefore could not stop the foreclosure. The court also

---

[1]   Our discussion of the underlying action is taken from our prior opinion in the case, *Hart v. Nationstar Mortgage* (March 2, 2018, B278677).

[2]   We refer to the Harts by their first names; no disrespect is intended.

rejected Sara and Guy's attempt to assert Don's rights in the action. Sara and Guy appealed; we affirmed.

2. *Motion for Attorney's Fees*

After Nationstar obtained summary judgment, and while Sara and Guy's appeal was pending, Nationstar sought its attorney's fees as prevailing party on a contract with an attorney's fees provision. Specifically, Nationstar relied on paragraph 9 of the deed of trust, which it asserted was an attorney's fees provision.

Paragraph 9 provides, in full, as follows: "9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (1) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to

3

make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off.  Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so.  It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.  [¶] *Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.*  These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.  [¶]  If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease.  If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing." (Italics added.)

Alternatively, Nationstar argued that Sara and Guy were estopped from arguing there was no contractual basis for fees, as they had sought an award of attorney's fees in their complaint. Although Sara and Guy had, in fact, included a prayer for attorney's fees in their complaint, they had not identified any contractual or statutory basis for that prayer.

3.      *Sara and Guy's Opposition*

Sara and Guy opposed, arguing, among other things, that the language of Paragraph 9 is not an attorney's fees provision because it provides for attorney's fees to become additional debt of the borrower, not for an award of fees in litigation.  They argued that judicial estoppel did not apply because they had not

4

specifically sought fees under contract, and, in any event, the legal authority on which Nationstar relied did not govern.

4.     *Trial Court's Ruling and Appeal*

The trial court granted Nationstar its attorney's fees, concluding both that paragraph 9 of the deed of trust was an attorney's fees provision and that Sara and Guy were judicially estopped from arguing to the contrary. The court awarded fees in the amount of $59,750.

Sara and Guy filed a timely notice of appeal.[3]

## DISCUSSION

1.     *Standard of Review*

We review a determination of the legal basis for an award of attorney's fees de novo as a question of law. (*California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc.* (2002) 96 Cal.App.4th 598, 604.) "Attorney fees are not recoverable as costs unless a statute or contract expressly authorizes them. [Citation.]" (*Ibid.*)

2.     *Civil Code section 1717*

Generally speaking, each party to a lawsuit must pay his or her own attorney's fees unless a statute or contract provides otherwise. (*Cargill, Inc. v. Souza* (2011) 201 Cal.App.4th 962, 966.) "Where a contract specifically provides for an award of attorney fees, Civil Code section 1717 allows recovery of attorney

---

[3]     On appeal, Sara and Guy initially argued they could not be liable for attorney's fees under a contract to which Don, and not they, were signatories. As there had been recent authority on the issue of whether paragraph 9 of the deed of trust constituted an attorney's fees provision, we sought additional briefing on that issue. As we conclude that issue is dispositive, we need not address the non-signatory issue.

fees by whichever contracting party prevails, regardless of whether the contract specifies that party. [Citation.]" (*Ibid.*)

In pertinent part, subdivision (a) of section 1717 provides, "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

3.    *Paragraph 9 is Not an Attorney's Fees Provision*

Pursuant to the language quoted above, section 1717 applies only where a "contract specifically provides that attorney's fees . . . shall be awarded" to one party or the prevailing party. We must consider whether paragraph 9 of the deed of trust specifically so provides. By its plain language, it does not. The paragraph allows the lender to take numerous actions, including incurring attorney's fees, to protect its interest. It then provides, in the language we emphasized above, that "any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument." This is not a provision that attorney's fees "shall be awarded"; it is, instead, a provision that attorney's fees, like any other expenses the lender may incur to protect its interest, will be added to the secured debt.

Federal district courts which have considered the issue have reached the same conclusion. In *Valencia v. Carrington Mortg. Servs., LLC* (D. Haw. June 25, 2013, No. 10-00558 LEK-RLP) 2013 U.S. Dist. LEXIS 88886, the court considered whether the same language justified an award of attorney's fees and

6

concluded that it did not.  The court stated, "The Court notes, however, that the mortgage states that any amounts disbursed in protecting the Bank Defendants' rights under the mortgage, including for attorneys' fees, 'shall become additional debt of Borrower secured by this Security Instrument . . . and shall be payable, with such interest, upon notice from Lender or Borrower requesting payment.' [Citation.]  As such, the mortgage does not entitle the Bank Defendants to recover attorneys' fees as an award pursuant to the instant litigation.  Rather, as provided in the mortgage, the Bank Defendants may convert the amounts spent on attorneys' fees into additional debt secured by the mortgage." (*Id*. at p. *28.)  As Nationstar argued in obtaining summary judgment, the Harts were not borrowers.[4]

Recently, a district court in California applied the reasoning of *Valencia*, and that of an unpublished California Court of Appeal opinion, to conclude that paragraph 9 in the standard form deed of trust is not a litigation attorney's fees provision.[5] (*Dufour v. Allen* (C.D. Cal. Apr. 20, 2017, No. 14-cv-

---

[4]    For this reason, Nationstar is not aided by paragraph 14 of the deed of trust, which it raised for the first time at oral argument on appeal.  That paragraph provides that the lender "may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection fees and valuation fees."  The Harts are not borrowers under the deed of trust.

[5]    Pursuant to California Rules of Court, rule 8.1115(a), we do not formally cite to the unpublished Court of Appeal opinion.  However, the federal district court – which is not restricted in its use of unpublished California opinions – relied on it.  Under

7

05616-CAS(SSx)) U.S. Dist. LEXIS 61229.) After quoting from *Valencia*, the *Dufour* court stated, "Similarly, the deed of trust at issue in *Tyler v. Wells Fargo Bank, N.A.* (Cal. Ct. App. July 8, 2016, No. E063985) 2016 Cal. App. Unpub. LEXIS 5117, No. 2016 WL 3752394 included language identical to Section 9. [Citation.] Recognizing that *Valencia* was not binding precedent, the California Court of Appeal nevertheless found *Valencia* persuasive and 'conclude[d], as in *Valencia*, that the [deed of trust] attorney fee provision does not provide an independent basis for awarding attorney fees.' [Citation.] In both *Valencia* and *Tyler*, the court denied the lenders' motions for attorneys' fees. [Citations.]" (*Id.* at p. *16.) The *Dufour* court likewise concluded paragraph 9 of the deed of trust was not an attorney's fees clause. (*Id.* at p. *17.)

There is no authority to the contrary. Nationstar relies on cases which have awarded attorney's fees in litigation under paragraph 9 of the standard form deed of trust, but none of those cases actually analyzed of whether paragraph 9 specifically provided for an award of attorney's fees. (E.g., *Santa Clara Savings & Loan Assn. v. Pereira* (1985) 164 Cal.App.3d 1089 [the borrowers challenged the fees awarded under language similar to paragraph 9; argument limited to whether borrowers had breached, not whether the provision allowed for an award of fees in litigation]; *Boring v. Nationstar Mortg., LLC* (E.D. Cal. Jun. 9, 2016, No. 2:13-cv-01404-GEB-CMK) 2016 U.S. Dist. LEXIS 75474 [fees were awarded under both paragraph 9 and the borrower's

these circumstances, we choose neither to ignore the unpublished opinion nor redact it from our quotation of the federal case which cited it. Nevertheless, we recognize that the California unpublished case is not precedent.

8

note; borrower questioned whether Nationstar was the prevailing party, not whether paragraph 9 provided an award of fees in litigation]; *Boza v. US Bank Nat'l Ass'n* (C.D.Cal. July 25, 2013, No. LA CV12-06993 JAK (FMOx)) 2013 U.S. Dist. LEXIS 198318, affd. (2015) 606 Fed.Appx.357 [fees were awarded against borrower under the note, and two paragraphs of the deed of trust, including paragraph 9; no issue was raised as to whether paragraph 9 provided for an award of fees in litigation]; *Whittle v. Wells Fargo Bank, N.A.* (E.D. Cal. May 6, 2010, No. CV F 10-0429 LJO GSA) 2010 U.S. Dist. LEXIS 52923 [fees were awarded under the note and deed of trust; the borrower challenged whether the provisions encompassed the defense of his claims, not whether paragraph 9 provided for an award of fees in litigation].)

None of these cases hold that in an unsuccessful suit by a nonborrower against a lender, the lender may recover attorney's fees against a nonborrower under paragraph 9 or its equivalent. Indeed none of these cases contain any analysis of paragraph 9 or similar language in another instrument.  In contrast, the only cases which have considered the issue, *Valencia* and *Dufour*, are in agreement with our independent analysis of the language of the deed of trust:  paragraph 9 simply does not provide for a separate award of fees per motion.

Nationstar suggests that equitable considerations should guide us to a different result.  Specifically, it argues that enforcing paragraph 9 as written would mean the attorney's fees must be paid by Don, a nonparty to this litigation, rather than Sara and Guy, the individuals who caused the litigation to occur. The inference that Don will pay does not follow; the three Harts are fighting over title to the property, and the property is in

foreclosure. It is not clear who, if anyone, will ultimately pay off the debt and, therefore, be responsible for the added sum of the attorney's fees. In any event, even if Don is ultimately responsible for the fees, we see no inequity. Paragraph 9 is, in part, an indemnity clause whereby the signatory borrower agrees to be responsible for numerous expenses which the lender may incur as the result of third-party interference with the lender's rights. Nationstar has cited no authority that such an indemnity agreement is so inequitable as to be unenforceable. In any event, we do not address whether paragraph 9 applies to Don in the context of the present litigation.

4. *No Other Provision Justifies an Award of Fees*

For the first time, on appeal, Nationstar argues that if attorney's fees are not awardable under paragraph 9 of the deed of trust, they are awardable under paragraph 22.

Paragraph 22 of the deed of trust is an acceleration clause. It provides, in part, as follows: "22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 [governing acceleration on transfer of interest] unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the

10

non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in this notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence."

Because this paragraph was only raised on appeal, Nationstar failed to provide evidence in the trial court that this paragraph applies. That is, there is no evidence that Nationstar gave proper notice of default, and that the borrower failed to cure the default, allowing acceleration. As such, Nationstar cannot rely on this paragraph as an after-the-fact justification for the fees awarded by the trial court on a different basis.[6]

5.      *Sara and Guy are Not Estopped to Deny Attorney's Fees*

Relying on *International Billing Services v. Emigh* (2000) 84 Cal.App.4th 1175, Nationstar argues that Sara and Guy are judicially estopped from denying there is a contractual basis for an attorney's fees award, because they had pleaded a right to attorney's fees.

---

[6]      Nationstar also seeks to justify the fee award under an attorney's fees clause in the note signed by Don. Recognizing that the note was not before the trial court, Nationstar has moved this court to take additional evidence on appeal. We deny the motion. In any event, Sara and Guy did not sign the note and did not sue on the note. There is no basis to hold Sara and Guy liable for attorney's fees based on a provision in a contract they did not sign and did not sue on.

11

In *International Billing Services*, the Third District Court of Appeal concluded there was, in fact, a contractual basis for the award of attorney's fees at issue in the case. (*International Billing Services, supra,* 84 Cal.App.4th at p. 1183.) However, the court went on to state, in dicta, that a party could be judicially estopped to deny that a contract provided for an award of fees if that party had sought an award of fees under that contractual provision. (*Id.* at pp. 1186-1191.)

Preliminarily, *International Billing Services* is distinguishable. In that case, the party to be estopped had actually argued that the specific contractual provision at issue justified an award of fees. (*International Billing Services, supra,* 84 Cal.App.4th at p. 1186.) Here, in contrast, Sara and Guy had simply included a prayer for attorney's fees in their complaint, without specifying whether they sought fees according to contract or statute, and certainly without identifying paragraph 9 of the deed of trust as an applicable attorney's fees provision.

More importantly, however, is that *International Billing Services* is no longer good law. The court that issued the opinion subsequently backed away from it, holding that its dictum "sweeps too broadly." (*M. Perez Co., Inc. v. Base Camp Condominiums Assn. No. One* (2003) 111 Cal.App.4th 456, 465.) The Third District concluded that its prior opinion did not make proper use of the doctrine of judicial estoppel. (*Id.* at p. 469.) It stated, "In sum, there is no sound policy or legal basis for the broad rule adopted by this court in *International Billing Services*. That rule would instead violate the very policy considerations it purports to serve. We agree with the many state court decisions refusing to apply estoppel against a losing party who sought

12

attorney fees under circumstances where that party would not have been entitled to such fees had it prevailed." (*Id.* at p. 470.)

In short, simply pleading a right to attorney's fees is not a sufficient basis to judicially estop a party from challenging the opposing party's alleged contractual basis for an award of attorney's fees. The trial court erred in relying on judicial estoppel as an alternative basis for its fee award.

## DISPOSITION

The attorney's fees award is reversed. Nationstar is to pay Sara and Guy's costs on appeal.

RUBIN, J.

WE CONCUR:

BIGELOW, P. J.

GOODMAN, J.*

---

\* Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.