**137 Nev., Advance Opinion 80**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

OELLA RIDGE TRUST,
Appellant,
vs.
SILVER STATE SCHOOLS CREDIT
UNION, A NEVADA CORPORATION,
Respondent.

No. 81584

FILED

DEC 23 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss in a declaratory relief action challenging attorney fees imposed under a deed of trust. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

*Affirmed.*

Kerry P. Faughnan, North Las Vegas,
for Appellant.

Hutchison & Steffen, LLC, and Michael R. Brooks, Las Vegas,
for Respondent.

---

BEFORE THE SUPREME COURT, PARRAGUIRRE, STIGLICH, and SILVER, JJ.

## OPINION

By the Court, SILVER, J.:

Appellant purchased real property at an HOA foreclosure sale, taking that property subject to respondent's deed of trust. That deed of trust allows respondent to add any reasonable expenses incurred protecting

SUPREME COURT
OF
NEVADA

(O) 1947A

21-36621

its interest in the property, including attorney fees, to the secured debt. Although a party seeking an award of attorney fees within the confines of a district court case must comply with NRCP 54(d)(2)'s filing deadline, the deed of trust here entitled respondent to add the attorney fees it accrued in protecting its interest in the property to the secured debt without moving for those fees in court. Because appellant's property is subject to the deed of trust, and because appellant sought to pay off the note secured by the deed of trust, the district court correctly found that respondent may add those attorney fees to the amount of indebtedness owed under the note secured by the deed of trust.

## FACTS AND PROCEDURAL HISTORY

The property at issue in the underlying case was purchased in 2004. In 2010, the homeowner's association (HOA) recorded a delinquent assessment lien, and the HOA subsequently foreclosed in 2012. Appellant Oella Ridge Trust purchased that property at the HOA lien foreclosure sale for approximately $4,700 and thereafter moved to quiet title. Respondent Silver State Schools Credit Union, the holder of the first deed of trust on the property, opposed the action, but the district court found in Oella Ridge's favor. We reversed that decision on appeal, concluding the HOA's foreclosure sale did not extinguish Silver State's deed of trust because the HOA's lien did not have superpriority status. *See Silver State Sch. Credit Union v. Oella Ridge Tr.*, No. 76382, 2019 WL 3061742 (Nev. July 11, 2019) (Order of Reversal and Remand). On remand, the district court entered judgment in Silver State's favor, ordering that "Oella Ridge owns the property subject to Silver State School's first position Deed of Trust."

After the district court entered its final judgment, Oella Ridge requested that Silver State inform it of the note's payoff amount. Silver State responded with a payoff amount that included attorney fees of more

than $96,500, in addition to the remaining principal balance of approximately $138,000. When Silver State declined to remove those attorney fees from the payoff amount, Oella Ridge filed a complaint for declaratory relief, seeking a declaration that the fees were unreasonable and that Silver State had waived any request for attorney fees by failing to timely seek fees during the course of the quiet title litigation. The district court granted partial summary judgment in Silver State's favor, concluding the deed of trust allowed Silver State to add the attorney fees as additional debt to the note secured by the deed of trust. But the district court also determined that insufficient evidence existed to confirm the fees' reasonableness and ordered supplemental briefing.

Silver State's supplemental briefing addressed the reasonableness of the fees and attached supporting documentation. The district court thereafter dismissed the complaint with prejudice. Oella Ridge appeals, arguing Silver State waived its right to seek attorney fees by failing to timely file a motion for those fees following the quiet title action, as required by NRCP 54(d)(2).[1]

## DISCUSSION

We treat the district court's decision, as the parties do, as one for summary judgment, which we review de novo, considering the pleadings and other evidence on file in the light most favorable to the nonmoving party. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029

---

[1]Oella Ridge also raises arguments under NRS 18.010 and NRS 18.110, but as Oella Ridge did not raise these arguments below, we do not consider them on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

(2005) (addressing the standard for reviewing summary judgments); *Schneider v. Cont'l Assurance Co.*, 110 Nev. 1270, 1271, 885 P.2d 572, 573 (1994) (explaining that where the district court considers more than the pleadings in granting a motion to dismiss, this court will treat the dismissal as a grant of summary judgment). Summary judgment is appropriate if no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law. *Wood*, 121 Nev. at 729, 121 P.3d at 1029.

When the facts in a case are not in dispute, contract interpretation is a question of law, which we review de novo. *Galardi v. Naples Polaris, LLC*, 129 Nev. 306, 309, 301 P.3d 364, 366 (2013). "[W]e construe a contract that is clear on its face from the written language, and it should be enforced as written." *Masto v. Second Judicial Dist. Court*, 125 Nev. 37, 44, 199 P.3d 828, 832 (2009).

Pertinent here, section 9 of the deed of trust provides for attorney fees reasonably incurred to protect Silver State's interest in the property:

> If . . . there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding . . . for enforcement of a lien which may attain priority over this Security Instrument . . . ) . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including . . . (b) appearing in court; and (c) *paying reasonable attorneys' fees to protect its interest in the Property* and/or rights under this Security Instrument. . . .
>
> *Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.* These amounts shall bear interest at the Note rate from

Supreme Court
OF
Nevada

(O) 1947A

date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

(Emphases added.)

As an initial matter, we conclude that this section applies to Oella Ridge. Critically, because Oella Ridge purchased the property at an HOA foreclosure sale, it took title subject to the deed of trust and pursuant to the promissory note, neither of which were extinguished by the HOA foreclosure sale. As Oella Ridge does not contend that it is not subject to the deed of trust, we need say no more on this point.

Next, section 9 plainly allows Silver State to act to protect its interest in the property. This includes "pay[ing] for whatever is reasonable or appropriate" to protect that interest. Contracts involving real estate are subject to general contract laws, and because we construe this plain language by its common meaning, Miller & Starr, Cal. Real Estate, § 1:1 & 1:62 (4th ed. 2021), we interpret it as allowing Silver State to pay property-related costs such as continued taxes, utility fees, late fees and interest—or, as pertinent here, its reasonable attorney fees incurred in defending its interest in the property. Section 9 further provides that any amount disbursed by Silver State under that section *shall* be added to the debt secured by the deed of trust. Other courts addressing provisions with this same or similar language have interpreted the language as providing the lender with a right to costs as opposed to an award of attorney fees. In *Hart v. Clear Recon Corp.*, the court explained that an identical provision in a deed of trust was "a provision that attorney's fees, like any other expenses the lender may incur to protect its interest, will be added to the secured debt." 237 Cal. Rptr. 3d 907, 911 (Ct. App. 2018). The court further recognized that a number of federal district courts have reached this same

conclusion in unpublished orders and determined that the lender may therefore "convert the amounts spent on attorneys' fees into additional debt secured by the mortgage." *Id.* at 911 (quotation marks omitted). Even among courts that do not bar attorneys from seeking attorney fees under similar provisions through a motion for attorney fees following the proceedings, courts still recognize that fees under the language of similar provisions "are the costs of collection or costs incurred to protect the bank's interest in the mortgaged property and its rights under the security interest. . . . [and] are part of [the] contractual debt." *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1038-39 (5th Cir. 2014). These cases therefore support that a lender may use a deed of trust to secure any attorney costs incurred in protecting the lender's interest, even against one who is not the "borrower,"[2] where, as here, a nonborrower seeks to pay off the loan balance.

We agree and conclude this provision enables Silver State to add its attorney fees to the secured debt at the time Silver State disburses those amounts. Although Oella Ridge is not personally liable for attorney fees under the deed of trust, if Oella Ridge wishes to pay off the note, then it must pay any costs Silver State added to the secured debt pursuant to the deed of trust. Key here, the HOA foreclosed on its lien, and the deed of trust and promissory note were not extinguished. Had the foreclosure sale been

---

[2]We recognize that *Hart* and the cases it cites regard a lender foreclosing against the original borrower and are therefore factually distinguishable from many Nevada cases where the HOA forecloses on an underwater property and a third-party investor purchases the home at the HOA foreclosure sale. Nevertheless, these cases support the lender's ability to add its costs, including attorney fees, to the underlying debt pursuant to the deed of trust.

on the deed of trust itself, we might reach a different conclusion in light of Nevada's one action rule. *See* NRS 41.430(1).

Indeed, Oella Ridge neither offers an alternative interpretation of the contractual language nor argues that it is not bound by section 9. Instead, Oella Ridge argues that Silver State's request for the payment of attorney fees is untimely and therefore waived. But we are not persuaded by Oella Ridge's argument that NRCP 54(d)(2) required Silver State to file a motion for attorney fees within a certain time period before it could add those fees to the secured debt. Although the American rule bars a court from awarding attorney fees unless allowed by a statute, rule, or agreement, *Pardee Homes of Nev. v. Wolfram*, 135 Nev. 173, 177, 444 P.3d 423, 426 (2019), and NRCP 54(d)(2) requires a party seeking attorney fees to timely move for such fees at a case's conclusion, the procedural posture of this case does not implicate those rules. Oella Ridge's obligation to pay the attorney fees in this case did not arise from a judgment or from an order on a motion for attorney fees where NRCP 54(d)(2) would apply. Instead, the obligation arose directly from the deed of trust's section 9 provision stating that reasonable attorney fees, along with other expenses incurred to protect Silver State's interest, are *automatically* added to the secured debt. As a result, NRCP 54(d)(2)'s language governing the timing of "claims" for attorney fees in civil cases is inapplicable in this case.[3]

---

[3]To reiterate, if Silver State wanted to hold Oella Ridge *personally liable* for the attorney fees, it would have needed to seek those fees in the previous quiet title action and in compliance with NRCP 54(d)(2). However, if Oella Ridge wishes to pay off the note then it must pay any costs Silver State added to the secured debt pursuant to the deed of trust, and Silver State need not have sought those fees in the previous action.

SUPREME COURT
OF
NEVADA

(O) 1947A

Oella Ridge argues that our holding will deprive purchasers like itself of any right to have a court review such attorney fees for their reasonableness, timeliness, or good faith and fair dealing. Not so. A purchaser is free to contest the reasonableness of attorney fees added to the indebtedness securing a deed of trust in district court or to contest the deed of trust's application to the purchaser. Here, for example, Oella Ridge contested the fees' reasonableness below, and in response, Silver State submitted both an analysis of its fees and supporting documentation. The district court granted summary judgment after considering that additional argument and evidence.[4] Thus, Oella Ridge was able to obtain court review of the fees, even though Silver State did not move for an attorney fees award following the judgment.

Oella Ridge took the property subject to the deed of trust, and because Silver State was entitled to its reasonable fees under the deed of trust, Silver State properly added its reasonable fees to the indebtedness secured by the deed of trust. We therefore conclude the district court did not err by granting summary judgment.

## CONCLUSION

The deed of trust in this case permitted Silver State to automatically add to the secured debt its reasonable attorney fees incurred in protecting its interest in the property. Although Oella Ridge sought to

---

[4]Although the district court did not make express findings as to the fees' reasonableness, the record before this court supports the district court's conclusion that there was no triable issue of fact regarding the fees' reasonableness. *See Sierra Glass & Mirror v. Viking Indus., Inc.*, 107 Nev. 119, 125, 808 P.2d 512, 515 (1991) ("If the court makes no ruling, findings may be implied when clearly supported by the record."). And Oella Ridge does not contest the fees' reasonableness on appeal.

pay off the unpaid loan balance secured by the deed of trust and questioned the attorney fees added to the debt, Silver State did not seek an order for attorney fees within a civil district court case, making NRCP 54(d)(2) and its timing requirements inapplicable. We affirm the district court's order granting summary judgment and dismissing Oella Ridge's complaint for declaratory relief.

_____, J.
Silver

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich