Filed 9/12/22 Cho v. Patel CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| NAM MIN CHO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BALUBHAI G. PATEL,<br><br>Defendant and Respondent. | B312306<br><br>(Los Angeles County<br>Super. Ct. No.<br>19STCV28254) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rupert A. Byrdsong, Judge. Affirmed.

Law Offices of David Won, David D. Won and David Brand for Plaintiff and Appellant.

Frank A. Weiser for Defendant and Respondent.

# I.   INTRODUCTION

Plaintiff and appellant Nam Min Cho prevailed on a summary judgment motion in a quiet title action against defendant and respondent Balubhai Patel, as trustee of the Balubhai Patel Revocable Trust Dated March 14, 2007, as to certain real property.  Plaintiff then filed a motion for attorney fees pursuant to an asserted attorney fees provision in the deed of trust on the property and Civil Code section 1717[1].  The trial court denied the motion and plaintiff appeals.  We affirm.

# II.   DISCUSSION[2]

Plaintiff contends the trial court erred when it ruled that the deed of trust did not contain an attorney fees provision.  We disagree.

A.   *Standard of Review*

Ordinarily, we review a trial court's ruling on an attorney fees motion for an abuse of discretion.  (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213.)  When, however, the

---

[1]   All further statutory references are to the Civil Code unless otherwise noted.

[2]   Because the only issue on appeal concerns the interpretation of an attorney fees provision in a deed of trust, we omit a recitation of the facts underlying plaintiff's action against defendant.

entitlement to attorney fees requires a legal determination, we review the court's ruling de novo. (*Ibid.*)

B.    *Analysis*

"A party may not recover attorney fees unless expressly authorized by statute or contract. (Code Civ. Proc., § 1021 . . . .) In the absence of a statute authorizing the recovery of attorney fees, the parties may agree on whether and how to allocate attorney fees. [Citation.]" (*Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 818.)

Section 1717, subdivision (a) provides, in part, "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Section 1717, subdivision (b)(1) defines "prevailing party" as "the party who recovered a greater relief in the action on the contract."

"The primary purpose of section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 610.) That is, section 1717 "makes an otherwise unilateral right [to attorney fees] reciprocal, thereby ensuring mutuality of remedy. . . ." (*Id.* at pp. 610–611.)

After the trial court granted plaintiff's summary judgment motion, plaintiff filed a motion for attorney fees. He contended he was the prevailing party in an action to enforce the terms of

the deed of trust and thus was entitled to recover his attorney fees under the deed of trust's asserted attorney fees provision and section 1717. That asserted attorney fees provision states, in part:

"**Attorneys' Fees; Expenses**. If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for . . . appeals . . . . Trustor also will pay any court costs, in addition to all other sums provided by law."

The trial court denied plaintiff's attorney fees motion. Citing *Chacker v. JPMorgan Chase Bank, N.A.* (2018) 27 Cal.App.5th 351, 357 (*Chacker*) and *Hart v. Clear Recon Corp.* (2018) 27 Cal.App.5th 322, 327 (*Hart*), the court ruled that the attorney fees and expenses provision in the deed of trust did not allow the lender to recover attorney fees as a separate award from litigation and thus was not an attorney fees provision within the meaning of section 1717.

*Chacker* and *Hart* considered similar provisions in deeds of trust that addressed attorney fees. (*Chacker, supra*, 27

4

Cal.App.5th at p. 354; *Hart, supra*, 27 Cal.App.5th at p. 325.) *Chacker* set forth the provision, entitled "'Protection of Lender's Interest in the Property and Rights Under this Security Instrument'" as follows: "In relevant part, section 9 provides: 'If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, [or] (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations) . . . then Lender may do and pay for whatever is reasonable and appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . . Lender's actions can include, but are not limited to . . . appearing in court . . . and . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights in the Security Instrument . . . .' Section 9 of the trust deed further states: 'Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.'" (*Chacker, supra*, 27 Cal.App.5th at p. 354.)

Chacker held that the provision at issue did not authorize a court to enter an attorney fee award that obligated the plaintiff to pay attorney fees independent of the plaintiff's repayment obligation under the deed of trust and an associated promissory note. (*Chacker, supra*, 27 Cal.App.5th at p. 356.) Rather, it authorized the addition of attorney fees paid to protect the

lender's interest in the subject property to be added to the loan amount. (*Id.* at p. 357.)

Likewise, *Hart* held that the provision at issue was "not a provision that attorney's fees 'shall be awarded'; it [was], instead, a provision that attorney's fees, like any other expenses the lender may incur to protect its interest, will be added to the secured debt." (*Hart, supra*, 27 Cal.App.5th at p. 327.)

Like the provisions at issue in *Chacker* and *Hart*, the attorney fees and expenses provision in the deed of trust here states that "all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees . . . ."

Plaintiff argues *Chacker* and *Hart* are distinguishable because the provisions at issue in those cases did not include a sentence similar to the first sentence of the attorney fees and expenses provision in this case—i.e., "If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal." That sentence, plaintiff argues, is a free standing attorney fees provision.

Reading the attorney fees and expenses provision as a whole (see § 1641[3]), the provision permits the lender to recover attorney fees incurred to protect or enforce its rights under the deed of trust "[w]hether or not any court action [was] involved"— i.e., including attorney fees incurred under the provision's first sentence. Such attorney fees, however, were to "become a part of the Indebtedness" and were not separately recoverable. Accordingly, the attorney fees and expenses provision in the deed of trust was not an attorney fees provision within the meaning of section 1717 and the trial court did not err in denying plaintiff's attorney fees motion.

---

[3]    Section 1641 provides, "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."

## III.   DISPOSITION

The judgment is affirmed.  Defendant is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

MOOR, J.